Reese J.
delivered the opinion of the court.
We entertain but little doubt that the judgment of the circuit court, in this case, was controlled by the authority of the ease of Buford vs. Crook, 6 Yer. 524. The case is very brief. The judge who gave the opinion of the court in that casé, says: “the writ of capias ad satisfaciendum is not in form; the command should have been, to have him before *36 the justice who issued the writ, on a day therein appointed, to satisfy the said plaintiff in the sum, &e.” We feel anxious to adhere to decisions once made; but we are unable to approve either the form or sabstance' of the course above indicated. “The writ,” says the case, “must command the officer to have the defendant before him, the justice, on a day to be named in the writ.” By virtue of what statute, principle of law, or practice, is this required? Why appear before the justice? What will the justice do with the defendant? If he pay not the money, the ca. sa. being discharged of its office, shall a mittimus jhen. be written? When shall the justice appoint the return of the writ,"and of the defendant before him? at a day near or remote? If near, perhaps the process may not be served before it must be returned; if remote, where will the defendant be in the meantime? In jail, or in the hands of the officer; or upon bail, or at large? The case adds, “this form secures to the defendant the benefit conferred by the act of 1823, c. 12, § 7, authorizing a release of the body by a surrender of goods as therein specified.” The act referred to, is the endorsement law of 1823; no part of which, it is believed, has at any time been attempted to be enforced by any judicial or ministerial officer within the State. This section (the 6th) which provides for the delivery of property in discharge of the body of defendant, directs that the property so surrendered, shall be disposed of as provided in another section, (the 2d or 3d) that is, that it shall be valued, and if it should not sell for three-fourths of that valuation, it shall be returned to defendant. We see nothing in the entire act, or in that section of it, sufficient to induce us to adopt the course of proceeding mentioned in the case of Buford vs. Crook. We feel satisfied that the case cannot have been very fully discussed or attentively considered by the court, and we are unable to yield to its authority. The capias ad satisfaciendum in this case, is in the usual form of those issued by justices of the peace, and the bond taken for the appearance of the defendant at the county court, is in conformity, substantially, with the requirements of the acts of 1824- and 1825, on that subject. Let the judgment of the circuit court be reversed, and this court, proceeding to *37 render such judgment as the hrcuit court ought to have rendered, let. the plaintiff have his motion.
Judgment reversed.